IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-01136-CNS-JPO

BRIAN HICKS,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
TIMOTHY TWINING,
MARK CHUCK,
JANE/JOHN DOE #,
JANE/JOHN DOE #2, and
JANE/JOHN DOE #3,

    Defendants.

## ORDER

Before the Court is United States Magistrate Judge James P. O'Hara's Recommendation to grant Defendant Timothy Twining's motion to dismiss, and to grant in part and deny in part Defendants City and County of Denver and Mark Chuck's motion to dismiss. ECF No. 59 (Recommendation). No party objected to Magistrate Judge O'Hara's Recommendation. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation as an order of this Court.

### I.   SUMMARY FOR PRO SE PLAINTIFF

Magistrate Judge O'Hara recommends that this Court dismiss without prejudice your official- and individual-capacity claims against Mr. Twining based on Eleventh

1

Amendment and absolute prosecutorial immunity, respectively. He also recommends that your Fourth Amendment claims against Denver and Commander Chuck be dismissed without prejudice for failure to state a claim; your substantive due process claims against Denver and Commander Chuck be dismissed without prejudice for failure to state a claim; and Denver's motion be denied to the extent that it seeks dismissal of your procedural due process claims against Denver and Commander Chuck.

At the end of his Recommendation, Magistrate Judge O'Hara advised that you had 14 days after service of the Recommendation to file a written objection. You did not file an objection or otherwise respond within that window. As explained in more detail below, the Court has reviewed the Recommendation and has determined that it is correct. Therefore, your claims against Mr. Twining, and your Fourth Amendment and substantive due process claims against Denver and Commander Chuck, are dismissed without prejudice, which means that you may refile your claims, assuming that you can satisfy the appropriate procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)). But your procedural due process claims against Denver and Commander Chuck remain viable and will proceed.

## II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is currently incarcerated at the Bent County Correctional Facility. ECF No. 41 (Second Am. Compl.) at 2. Approximately $3,400 of Plaintiff's money had been held as evidence in a criminal case against him. *Id.* at 3. Following Plaintiff's criminal trial, the

2

resolution of his appeal, and the denial of his petition for writ of certiorari, Plaintiff sought an order from the district court that sentenced him to have the money returned. *Id.* Plaintiff asserts that the money was not used as evidence in the prosecution's case-in-chief at trial, was not contraband, and was not subject to forfeiture. *Id.* at 4. In response, "the Denver District Attorney's Office, through its Chief Deputy District Attorney Timothy Twining, conceded that the prosecution had no 'cognizable basis to assert retention' [of Plaintiff's] cash." *Id.* Mr. Twining, however, "urged the court to enter an order directing [that] the money be applied to the restitution balance" in Plaintiff's case. *Id.* After considering the arguments, the sentencing court concluded that "it did not have legal authority to apply the money to [Plaintiff's] restitution balance under the circumstances," but it also "denied [Plaintiff's] request to have the money returned." *Id.* The sentencing court did, however, return other personal items to Plaintiff that had been seized along with the money—such as clothing, sneakers, and a wallet. *Id.*

Plaintiff appealed the sentencing court's order denying the release of the money. *Id.* The Colorado Court of Appeals concluded that the sentencing court lacked jurisdiction to order the return of his money and thus vacated all orders entered by the sentencing court "to the extent they address[ed] [Plaintiff's] request for return of the cash." *Id.* Plaintiff appealed again, but the Colorado Supreme Court denied his petition. *Id.*

Plaintiff then turned to the Denver City and County Municipal Code of Ordinances and the Denver Police Department's Operations Manual. *Id.* According to Plaintiff, those documents establish that the Commander of the Major Crimes Division (Defendant Mark Chuck), the Commanding Officer of the Homicide Unit, the Custodian of Property, and

3

the Denver District Attorney's Office were responsible for deciding whether to retain or release property held as evidence in cases such as Plaintiff's. *Id.* Plaintiff thus mailed a certified letter addressed to Commander Chuck requesting that the money be released immediately. *Id.* The letter contained verification that the criminal cases against Plaintiff had concluded, and that the Denver District Attorney's Office had conceded that there was no legitimate basis to hold the funds. *Id.* at 7–8. Plaintiff did not receive a response from Commander Chuck or any other Dever Police Department representative. *Id.* at 8.

Plaintiff filed his initial complaint on May 6, 2022, alleging that the failure to return his money violated his constitutional rights. ECF No. 1. Plaintiff's operative complaint asserts Fourth Amendment, substantive due process, and procedural due process claims against Defendants. ECF No. 41 at 8–18. Commander Chuck and the City and County of Denver filed their Motion to Dismiss Plaintiff's Second Amended Complaint on January 17, 2024, ECF No. 43, and Mr. Twining filed his Motion to Dismiss Plaintiff's Second Amended Complaint on January 24, 2024. ECF No. 44. Plaintiff responded. ECF Nos. 47, 49. The Court referred these motions to dismiss to Magistrate Judge O'Hara for initial determination. ECF No. 46. On July 18, 2024, Magistrate Judge O'Hara issued his Recommendation. ECF No. 59.

### III.   ANALYSIS & ORDER

When—as is the case here—a party does not object to the Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable

4

discretion" when reviewing "unchallenged" recommendations. *Id.* The Court has reviewed Magistrate Judge O'Hara's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge O'Hara's Recommendation, ECF No. 59, as an order of this Court. Defendants City and County of Denver and Mark Chuck's motion to dismiss, ECF No. 43, is GRANTED in part and DENIED in part, and Defendant Twining's motion to dismiss, ECF No. 44, is GRANTED.

DATED this 13th day of August 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge