IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-01136-CNS-JPO

BRIAN HICKS,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
TIMOTHY TWINING,
MARK CHUCK,
JANE/JOHN DOE #,
JANE/JOHN DOE #2, and
JANE/JOHN DOE #3,

    Defendants.

## ORDER

Before the Court is United States Magistrate Judge James P. O'Hara's Recommendation to grant Defendant Timothy Twining's motion to dismiss, and to grant in part and deny in part Defendants City and County of Denver and Mark Chuck's motion to dismiss. ECF No. 59 (Recommendation). On August 13, 2024, the Court affirmed and adopted Magistrate Judge O'Hara's Recommendation. ECF No. 60. At the time, Plaintiff had not filed an objection. Plaintiff later asserted that he had not received the Recommendation in time to object, so the Court granted him 14 additional days to file a written objection, which is now ripe. ECF No. 77. For the following reasons, the Court RE-AFFIRMS the Recommendation as an order of this Court.

1

## I. SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge O'Hara[1] recommended that this Court dismiss without prejudice your official- and individual-capacity claims against Defendant Twining based on Eleventh Amendment immunity and absolute prosecutorial immunity, respectively. He also recommended that your Fourth Amendment claims against Defendants Denver and Commander Chuck be dismissed without prejudice for failure to state a claim; your substantive due process claims against Defendants Denver and Commander Chuck be dismissed without prejudice for failure to state a claim; and Defendants' motion be denied to the extent that it seeks dismissal of your procedural due process claims against Defendants Denver and Commander Chuck.

As explained in more detail below, the Court has performed a de novo review of the challenged determinations and has determined that they are correct. Therefore, your claims against Defendant Twining, and your Fourth Amendment and substantive due process claims against Defendants Denver and Commander Chuck, are dismissed without prejudice, which means that you may refile your claims, assuming that you can satisfy the appropriate procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)). But your procedural due process claims remains viable and will proceed.

---

[1] This case was originally referred to Magistrate Judge James P. O'Hara, who issued the Recommendation. The case has now been referred to Magistrate Judge Timothy P. O'Hara.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is currently incarcerated at the Bent County Correctional Facility. ECF No. 41 (Second Am. Compl.) at 2. Approximately $3,400 of Plaintiff's money had been held as evidence in a criminal case against him. *Id.* at 3. Following Plaintiff's criminal trial, the resolution of his appeal, and the denial of his petition for writ of certiorari, Plaintiff sought an order from the district court that sentenced him to have the money returned. *Id.* Plaintiff asserts that the money was not used as evidence in the prosecution's case-in-chief at trial, was not contraband, and was not subject to forfeiture. *Id.* at 4. In response, "the Denver District Attorney's Office, through its Chief Deputy District Attorney Timothy Twining, conceded that the prosecution had no 'cognizable basis to assert retention' [of Plaintiff's] cash." *Id.* Defendant Twining, however, "urged the court to enter an order directing [that] the money be applied to the restitution balance" in Plaintiff's case. *Id.* After considering the arguments, the sentencing court concluded that "it did not have legal authority to apply the money to [Plaintiff's] restitution balance under the circumstances," but it also "denied [Plaintiff's] request to have the money returned." *Id.* The sentencing court did, however, return other personal items to Plaintiff that had been seized along with the money—such as his clothing, sneakers, and wallet. *Id.*

Plaintiff appealed the sentencing court's order denying the release of the money. *Id.* The Colorado Court of Appeals concluded that the sentencing court lacked jurisdiction to order the return of his money and thus vacated all orders entered by the sentencing court "to the extent they address[ed] [Plaintiff's] request for return of the cash." *Id.* Plaintiff appealed again, but the Colorado Supreme Court denied his petition. *Id.*

3

Plaintiff then turned to the Denver City and County Municipal Code of Ordinances and the Denver Police Department's Operations Manual. *Id.* According to Plaintiff, those documents establish that the Commander of the Major Crimes Division (Defendant Mark Chuck), the Commanding Officer of the Homicide Unit, the Custodian of Property, and the Denver District Attorney's Office were responsible for deciding whether to retain or release property held as evidence in cases such as Plaintiff's. *Id.* Plaintiff thus mailed a certified letter addressed to Commander Chuck requesting that the money be released immediately. *Id.* The letter contained verification that the criminal cases against Plaintiff had concluded, and that the Denver District Attorney's Office had conceded that there was no legitimate basis to hold the funds. *Id.* at 7–8. Plaintiff did not receive a response from Commander Chuck or any other Dever Police Department representative. *Id.* at 8.

Plaintiff filed his initial complaint on May 6, 2022, alleging that the failure to return his money violated his constitutional rights. ECF No. 1. Plaintiff's operative complaint asserts Fourth Amendment, substantive due process, and procedural due process claims against Defendants. ECF No. 41 at 8–18. Defendants City and County of Denver and Commander Chuck filed their motion to dismiss Plaintiff's second amended complaint on January 17, 2024, ECF No. 43, and Defendant Twining filed his motion to dismiss on January 24, 2024. ECF No. 44. Plaintiff responded. ECF Nos. 47, 49. The Court referred these motions to dismiss to Magistrate Judge O'Hara for initial determination. ECF No. 46. On July 18, 2024, Magistrate Judge O'Hara issued his Recommendation. ECF No. 59.

On August 13, 2024, the Court affirmed and adopted Magistrate Judge O'Hara's Recommendation. ECF No. 60. At the time, Plaintiff had not filed an objection. On August 30, however, Plaintiff moved for reconsideration of that order, asserting that he did not receive Magistrate Judge O'Hara's Recommendation in time to object. ECF No. 63. Therefore, he argued that he was unable to timely object or respond to the Recommendation. Plaintiff asked the Court to vacate its August 13 order to allow him time to object to the Recommendation. The Court granted his request in part. ECF No. 71. The Court granted Plaintiff 14 additional days to file a written objection, but the Court denied his request to vacate the order, explaining that it will revisit its order after reviewing Plaintiff's objection and Defendants' responses. Plaintiff's objection is now ripe for review.

### III.  LEGAL ANALYSIS

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge issues a recommendation on a dispositive matter, the district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV.  ANALYSIS

Plaintiff raises three objections to the Recommendation. ECF No. 77. The first two objections pertain to the dismissal of his official- and individual-capacity claims against Defendant Twining. *Id.* at 3–10. His third objection concerns the recommendation to dismiss his Fourth Amendment claims against Defendants City and County of Denver and Commander Chuck. *Id.* at 11–13. The Court will address each of Plaintiff's objections in turn.

### A.  Objection One: Eleventh Amendment Immunity

Plaintiff sued Defendant Twining, the "Chief Deputy District Attorney," in his official and individual capacity. ECF No. 41 at 2–4. For the former, Magistrate Judge O'Hara correctly explained that federal courts have uniformly held that district attorneys' offices in Colorado, and their employees sued in their official capacities, are entitled to Eleventh Amendment immunity. ECF No. 59 at 7 (collecting caselaw). He went on to find that neither exception to the Eleventh Amendment immunity applies, and thus the Eleventh Amendment bars Plaintiff's claims against Defendant Twining. *Id.* at 8–11.

Plaintiff argues in his objection that the *Ex parte Young* doctrine applies to court orders to pay funds, meaning that those orders qualify as an exception to Eleventh Amendment immunity—so he contends that the official capacity claims against Defendant Twining can move forward. ECF No. 77 at 3–6. The Court does not agree.

Magistrate Judge O'Hara considered and rejected the *Ex parte Young* doctrine in his Recommendation, finding that Plaintiff seeks the equivalent of money damages.[2] ECF No. 59 at 10–11. Upon de novo review, the Court agrees with Magistrate Judge O'Hara. Plaintiff seeks the following injunctive relief: "[A]n injunction ordering . . . the Denver D.A.'s Office . . . to release and return [Plaintiff's] funds." ECF No. 41 at 19. Or stated a bit differently, Plaintiff seeks an order requiring the district attorney's office to return the money at issue. Nothing in Plaintiff's objection compels a different outcome. *See Hakeem v. Kansas Dep't of Hum. Servs., Child Support Enf't Div.*, No. 22-3144, 2022 WL 16642268, at *5 (10th Cir. Nov. 3, 2022) (rejecting the plaintiff's contention that the "prospective-relief" exception of *Ex parte Young* applies, explaining that, "although Hakeem characterizes the relief he seeks as injunctive, equitable, and prospective, it is not" because he "seeks the return of funds that were previously taken from him").

The Court overrules Plaintiff's first objection.

### B. Objection Two: Absolute Immunity

Like the official-capacity claims, Magistrate Judge O'Hara recommended that Plaintiff's claims against Defendant Twining in his individual capacity be dismissed without prejudice, this time under the absolute prosecutorial immunity doctrine. ECF No. 59 at 15. Plaintiff argues in his objection that absolute immunity does not apply because

---

[2] "[U]nder [*Ex parte Young*], a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). To determine whether the *Ex parte Young* exception applies, the court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 1167 (quoting *Verizon Md. Inc.*, 535 U.S. at 645).

7

Defendant Twining's action of filing a response into a state court case was not part of the judicial process but instead made Defendant Twining an administrator of the funds at issue. ECF No. 77 at 6–10. He argues that Magistrate Judge O'Hara overlooked the key fact that Defendant Twining admitted that the state had no cognizable bases to retain Plaintiff's funds. *Id.* The Court is not persuaded by Plaintiff's argument.

"Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976)). "[P]rosecutors are absolutely immune for those activities 'intimately associated with the judicial phase of the criminal process.'" *Id.* at 1259 (quoting *Imbler*, 424 U.S. at 430). In other words, "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Id.* at 1261. In contrast, absolute immunity will not necessarily apply "when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (citing *Imbler*, 424 U.S. at 431 n.33).

Here, Plaintiff's allegations concerning Defendant Twining all relate to his role as a prosecutor. The Court agrees with Magistrate Judge O'Hara that Defendant Twining's alleged actions—making arguments on behalf of the state in response to Plaintiff's motions and appeals in his criminal case—are plainly "intimately associated with the judicial phase of the criminal process" and were taken in the role of a prosecutor. ECF No. 59 at 14–15 (quoting *Imbler*, 424 U.S. at 430). Although Plaintiff may disagree with the *content* of Defendant Twining's state court filings, that does not mean that Defendant

8

Twining was not acting as an advocate or was not acting as "an officer of the court." *Imbler*, 424 U.S. at 431 n.33.

Having performed a de novo review of Magistrate Judge O'Hara's findings, the Court finds that Plaintiff's claims against Defendant Twining in his individual capacity are barred by absolute prosecutorial immunity. The Court thus overrules Plaintiff's second objection.

### C. Objection Three: Fourth Amendment Claim

Plaintiff asserts a claim of "Unreasonable Seizure/Deprivation of Property in Violation of the Fourth Amendment." ECF No. 41 at 8. He alleges that Defendants' continued retention of his funds, as opposed to the seizure itself, violated his Fourth Amendment rights. *Id.* at 8–14.

Magistrate Judge O'Hara recommended dismissing the Fourth Amendment claim because it is governed by the due process clause, not the Fourth Amendment. ECF No. 59 at 15–18. Plaintiff objects, arguing that the Fourth Amendment controls his claim. ECF No. 77 at 11–13. The Court does not agree with Plaintiff.

The Tenth Circuit has explained that claims "related to the continued retention of [a plaintiff's] property, as opposed to the initial seizure," do not arise under the Fourth Amendment. *Snider v. Lincoln Cnty. Bd. of Cnty. Comm'rs*, 313 F. App'x 85, 92–93 (10th Cir. 2008) (unpublished). Rather, in cases that "involve both the seizure and detention of personal property," courts are to "analyze the propriety of the initial seizure by police under the Fourth Amendment," whereas the "ultimate disposition of the property [must] comply with the protections of procedural due process." *Id.* at 93 (citing *Winters v. Bd. of*

9

*Cnty. Comm'rs*, 4 F.3d 848, 853, 856 (10th Cir.1993), and *Kripp v. Luton,* 466 F.3d 1171, 1173 (10th Cir.2006) (distinguishing Fourth Amendment claim regarding illegal search and seizure from claim alleging deprivation of property in forfeiture process, which was "essentially a Fifth Amendment due process claim")); *see also id.* (collecting cases from the Second, Seventh, and Eleventh Circuits).[3] And here, Plaintiff does not argue that the initial seizure of the money was unlawful; he argues that Defendants' retention of the money is unlawful. ECF No. 41 at 8–14. Thus, Plaintiff's claims arise under the due process clause.

Upon de novo review of Magistrate Judge O'Hara's findings, the Court finds that Plaintiff has failed to state a cognizable claim under the Fourth Amendment. The Court thus overrules Plaintiff's final objection.[4]

---

[3] In *Shaul v. Cherry Valley–Springfield Central School District,* the Second Circuit held that a claim related to the government's retention of property after the plaintiff's seizure raised a due process issue rather than an unreasonable seizure claim. 363 F.3d 177, 187 (2d Cir.2004) ("Where, as in this case, an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure."). *See also Porter v. DiBlasio,* 93 F.3d 301, 304–06 (7th Cir.1996) (analyzing procedural due process claims related to termination of rights in seized horses); *Lindsey v. Storey,* 936 F.2d 554, 561 & n.9 (11th Cir. 1991) (analyzing seizure claim under Fourth Amendment separately from procedural due process claim regarding continued retention of personal property).

[4] The Court has reviewed Plaintiff's supplemental authority, ECF No. 89, where he argues that *Anisor v. District of Columbia* supports his Fourth Amendment claim. 111 F.4th 1249 (D.C. Cir. 2024). The Court does not agree that *Anisor* requires modification or rejection of the Recommendation. To be sure, the D.C. Circuit held that, "[w]hen the government seizes property incident to a lawful arrest, the Fourth Amendment requires that any continued possession of the property must be reasonable." *Id.* But as Judge Henderson stated in her concurrence, "[f]ive circuits — the First, Second, Sixth, Seventh and Eleventh — have held in precedential opinions that the Fourth Amendment does not support a claim for the government's retention of legally seized property." *Id.* at 1261–62 (Henderson, J. concurring). The Court respectfully declines to follow the *Anisor* holding because the Tenth Circuit in *Snider*, albeit in an unpublished opinion, followed the majority position finding that the Fourth Amendment does not support Plaintiff's claim. Moreover, *Winters* and *Kripp*, both Tenth Circuit published opinions, support *Snider*'s holding.

## V. CONCLUSION

The Court previously affirmed and adopted Magistrate Judge O'Hara's Recommendation, ECF No. 59, as an order of this Court. ECF No. 60. The Court now overrules Plaintiff's objection (ECF No. 77) and affirms its previous order.

DATED this 4th day of April 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge